```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/18/14
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

LISA PERALTA,

                Plaintiff,

     v.

COPPER CHIMNEY GRILL, INC., DR.
NAGAI RAJENDRAN, ANSARI AHAMED,
SELVI KAILASAM

                Defendants.

**ORDER**

13 Civ. 1940 (PGG)

---

PAUL G. GARDEPHE, U.S.D.J.:

        Plaintiff Lisa Peralta brings this action pursuant to Title VII of the Civil Rights Act of 1964, as amended by 42 U.S.C. § 2000e et seq., asserting claims for sexual harassment, hostile work environment, and retaliation. (Dkt. No. 1) Plaintiff filed her complaint on March 22, 2013. (Id.) On May 31, 2013, this Court entered a case management plan providing, inter alia, that initial disclosures were to be made by June 14, 2013, and that fact discovery was to be completed by August 30, 2013. (Dkt. No. 8)

        On August 14, 2013, Plaintiff's counsel filed a motion to withdraw, citing "irreconcilable conflict." (See Dkt. No. 13) Counsel stated that "Plaintiff Peralta had failed to remain in contact with [counsel's] office and ha[d] failed to respond to communications from [counsel's] office[,]" notwithstanding "multiple attempts via telephone, email, and certified mail to communicate with Plaintiff to prompt her to contact [the] office to discuss Court deadlines and issues pertaining to her case." (Chimenti Decl. (Dkt. No. 14) ¶ 4)[1] Indeed, Plaintiff's counsel was not able to communicate with Plaintiff at any point between May 21, 2013 and August 14,

---

[1] Plaintiff's counsel attempted to contact Plaintiff on May 29, 2013; June 3, 2013; June 11, 2013; July 11, 2013; and July 26, 2013. (Id. ¶ 5)

2013. (Id. ¶ 8) Plaintiff's counsel indicated that this lack of cooperation had made it impossible for her to litigate Plaintiff's case and meet court-ordered deadlines. (Id.)

In an August 16, 2013 order, this Court directed Plaintiff to attend an ex parte conference on August 22, 2013. (Dkt. No. 12) Plaintiff did not appear for this conference, however. Accordingly, on August 23, 2013, this Court granted counsel's motion to withdraw and scheduled a conference for September 26, 2013. (Dkt. No. 16) The Court explained that "[i]f Plaintiff fails to appear at the September 26, 2013 conference – either pro se or by counsel – the Court may entertain a motion to dismiss for failure to prosecute." (Id.) Plaintiff failed to appear at the September 26, 2013 conference. (See Marks Decl. (Dkt. No. 19) ¶ 8)

On October 3, 2013, Defendants moved to dismiss for failure to prosecute. (Dkt. No. 18) In support of their motion, Defendants note that neither Plaintiff nor new counsel appeared as directed at the last two conferences in this matter – on August 22, 2013, and on September 26, 2013 – and that Plaintiff has not complied with the deadlines set forth in this Court's case management plan. (Marks Decl. (Dkt. No. 19) ¶¶ 5, 8, 10)

No opposition has been filed to Defendants' motion. Moreover, Plaintiff has made no effort to litigate this case since her counsel was relieved on August 22, 2013.

Rule 41(b) authorizes dismissal of a complaint where "the plaintiff fails to prosecute or to comply with . . . a court order." Fed. R. Civ. P. 41(b). "'[A]ll litigants, including pro ses, have an obligation to comply with court orders,' . . . and failure to comply may result in sanctions, including dismissal with prejudice." Agiwal v. Mid Island Mortg. Corp., 555 F.3d 298, 302 (2d Cir. 2009) (quoting Minotti v. Lensink, 895 F.2d 100, 103 (2d Cir. 1990)). "'[D]ismissal for want of prosecution is a matter committed to the discretion of the trial judge.'" Peart v. City of New York, 992 F.2d 458, 461 (2d Cir. 1993) (quoting Merker v. Rice, 649 F.2d

2

171, 173 (2d Cir. 1981)). "Plaintiffs may be subject to dismissal for failure to prosecute by allowing an action to lie 'dormant with no significant activity to move it. . . .'" <u>Ctr. for Monitoring Impact of Peace, Inc. v. Ctr. for Monitoring Impact of Peace, R.A.</u>, No. 06 CIV. 2390(LAP), 2010 WL 3958823, at *1 (S.D.N.Y. Sept. 24, 2010) (quoting <u>Lyell Theatre Corp. v. Loews Corp.</u>, 682 F.2d 37, 42 (2d Cir. 1982)).

Although dismissal for failure to prosecute is a "harsh remedy to be utilized only in extreme situations," it is nonetheless proper where consideration of the following factors weighs in favor of dismissal:

> (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions.

<u>U.S. ex rel. Drake v. Norden Sys., Inc.</u>, 375 F.3d 248, 254 (2d Cir. 2004).

"The first factor to be examined breaks down into two parts: (1) whether the failures to prosecute were those of the plaintiff, and (2) whether these failures were of significant duration." <u>Id.</u> at 255 (citing <u>Martens v. Thomann</u>, 273 F.3d 159, 180 (2d Cir. 2001)). Here, Plaintiff did not communicate with her counsel for nearly three months, while discovery requests remained outstanding and with discovery deadlines fast approaching. As a result, Plaintiff has not complied with her discovery obligations under the case management plan. Plaintiff also ignored the Court's order to appear for a conference concerning her attorney's motion to withdraw, and – after that motion was granted – ignored yet another order directing her to appear for a second conference. Finally, Plaintiff has not responded in any way to the pending motion to dismiss. Under these circumstances, it is clear that "the failures to prosecute were those of the plaintiff," and "were of significant duration." (<u>Id.</u>)

Under the second factor, "[t]he question we must answer here is whether [Plaintiff] received notice 'that further delays would result in dismissal.'" Id. (citing Martens, 273 F.3d at 180). Because Plaintiff received such notice on August 23, 2013, the second factor weighs in favor of dismissal. (Dkt. No. 16)

The next factor – whether Defendants are "likely to be prejudiced by further delay" – also weighs in favor of dismissal. Despite repeated efforts, Defendants have not been able to depose Plaintiff or obtain needed discovery. (See Dkt. Nos. 4, 5) "Defendants should not be forced to bear the expense of defending a lawsuit when the plaintiff has shown little or no interest in pursuing that lawsuit." Antonios A. Alevizopoulos & Associates, Inc. v. Comcast Int'l Holdings, Inc., No. 99 Civ. 9311 (SAS), 2000 WL 1677984 at *3 (S.D.N.Y. Nov. 8, 2000); see also Peart, 992 F.2d at 462 (holding "prejudice resulting from unreasonable delay may be presumed as a matter of law").

"The fourth factor we consider is the balance between district court calendar congestion and the plaintiff's right to an opportunity to be heard." Id. (citing Martens, 273 F.3d at 182). This case has been pending since March 2013, and no progress in it has been made because of Plaintiff's refusal to (1) comply with prior court orders; and (2) attend scheduled court conferences. This factor also weighs in favor of dismissal.

Finally, the Court finds that lesser sanctions would be ineffective. Plaintiff has not responded in any way to this Court's orders, has not appeared at two scheduled pretrial conferences, and has not complied with her adversary's discovery requests. "The Court has no reason to suspect that Plaintiff would be responsive if lesser sanctions or court orders were imposed. Given that Plaintiff has . . . failed to respond to orders of this Court, lesser sanctions would be useless." Ctr. for Monitoring Impact of Peace, 2010 WL 3958823, at *3 (citing

4

Feurtado v. City of New York, 225 F.R.D. 474, 480 (S.D.N.Y. 2004) ("[R]epeated violation of orders of this Court leads to the inexorable conclusion that no sanction short of dismissal would effectively address [plaintiff's] conduct."); Smith v. Human Res. Admin., No. 91 Civ. 2295, 2000 WL 307367, at *3 (S.D.N.Y. Mar. 24, 2000) ("[L]esser sanctions are not appropriate . . . [as][c]ourt orders and direction have not prompted plaintiff to move her case forward.")). This factor therefore weighs in favor of dismissal.

Viewing the record as a whole, and having considered each of the relevant factors, the Court concludes that dismissal for failure to prosecute is an appropriate sanction. Accordingly, Defendants' motion to dismiss is GRANTED.

The Clerk of the Court is directed to terminate the motion (Dkt. No. 18), to close this case, and to mail a certified copy of this Order to pro se Plaintiff Lisa Peralta, 22 Strauss Street, Staten Island, NY 10305.

Dated: New York, New York
September 18, 2014

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge

5